POLEN, J.
Appellant, Juan Perea, was charged by information with lewd and lascivious battery and proceeded to jury trial. After being found guilty as charged, Perea was sentenced to ten years imprisonment.
During opening statement, defense counsel stated that Perea, who was thirty-one years old, had a consensual relationship with D.A., who was fourteen years old, and that they were in love and wanted to get married. Defense counsel also stated that Perea was from Central America, and “in Central America, a man who is 31 usually marries a young woman in her teens.”
The prosecutor, outside the presence of the jury, asked the court to inquire whether Perea agreed with defense counsel’s theory of defense, and also if Perea conceded that he had consensual sex with D.A. Defense counsel objected to the inquiry on the grounds that she stated in opening that whatever D.A. and Perea did was consensual, and not that they had consensual sexual relations or consensual vaginal intercourse. The following exchange then took place:
COURT: And this is the defense that you are agreeing with to proceed along these lines, correct?
PEREA: I really don’t agree too much, but that is the law.
COURT: Sir, I am not asking you to say whether you are guilty or not guilty ... I mean, she’s not just on some wild jag doing whatever she wants to do ... She has discussed this with you and talked about your case. Yes?
PEREA: Yes.
STATE: Judge, the one thing that I would like your honor to ask is when his attorney said in opening statement that he had a consensual sexual relationship with a 14 year-old-girl that he was aware and agrees with that position and that defense.
DEFENSE COUNSEL: Judge, I do not think that is an appropriate inquiry.
[[Image here]]
COURT: In your attorneys opening she stated that there was a consensual sexual relationship between you and the victim in this case and that it was based on a loving relationship and that you wanted to get married, correct?
PEREA: Yes.
COURT: And there was a consensual intercourse between you and the victim in this case who is 14 and because you had this loving relationship and you planned on getting married ... You have acknowledged that?
PEREA: Well, can you repeat that? COURT: When your lawyer, in opening, said that you had this loving consensual sexual relationship with the victim because you were in love and that it was your plan or that you wanted to eventually get married, that defense, you are in agreement with that, correct?
PEREA: Yes.
COURT: Okay.
Perea argues that the trial court erred in failing to make an adequate inquiry upon learning that defense counsel was conceding his guilt. Perea acknowledges that the court did make an inquiry but contends that the inquiry was insufficient because the court failed to determine whether Perea unequivocally understood the consequences of the concession.
Perea relies on Nixon v. State, 932 So.2d 1009 (Fla.2006), in which Nixon claimed ineffective assistance of counsel after his defense attorney conceded his guilt during his murder trial and focused instead on convincing the jury to spare Nixon’s life. Id. at 1014. Perea points to the Florida Supreme Court’s conclusion *286 that defense counsel’s concession of guilt is the “functional equivalent of a guilty plea” and thus requires an affirmative, explicit acceptance of defense counsel’s strategy by the defendant. However, that conclusion was reached in the Florida Supreme Court’s earlier opinion in Nixon v. Singletary, 758 So.2d 618, 624 (Fla.2000), which was later reversed by the United States Supreme Court. Florida v. Nixon, 543 U.S. 175, 176-77, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). In fact, the United States Supreme Court held:
The Florida Supreme Court erred in applying ... a presumption of deficient performance, as well as a presumption of prejudice; that latter presumption, we have instructed, is reserved for cases in which counsel fails meaningfully to oppose the prosecution’s case. United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). A presumption of prejudice is not in order based solely on a defendant’s failure to provide express consent to a tenable strategy counsel has adequately disclosed to and discussed with the defendant.
Id. at 178-79, 125 S.Ct. 551. The Court also determined that the Florida Supreme Court erred in holding that a defense attorney’s concession of his client’s guilt, made without the defendant’s express consent, automatically qualifies as prejudicial ineffective assistance of counsel and requires a new trial under United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Instead, Nixon’s claim of ineffective assistance of counsel should have been evaluated under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, the Court recognized that, because Nixon had been charged with a capital crime, the gravity of the potential sentence and the trial’s two-phase structure distinguished Nixon’s case from a “run-of-the-mine trial” which might present a closer question. Id. at 190, 104 S.Ct. 2052.
Perea’s argument necessarily fails. Not only has he relied on a conclusion which was overturned by the United States Supreme Court, but his case is materially distinguishable from Nixon. Perea’s attorney did not actually concede his guilt. Defense counsel conceded the facts but never conceded the legal conclusion that Perea was guilty of the crimes charged, and thus, the trial court’s inquiry here was sufficient. We affirm without prejudice to Perea filing a rule 3.850 motion for post-conviction relief.

Affirmed.

WARNER and LEVINE, JJ„ concur.